E-FILED
Tuesday, 17 March, 2015  04:40:32 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| DONALD JESSIE, JR., | ) | |
| | ) | Case No. 3:15-cv-03088 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT** |
| | ) | |
| TRANSWORLD SYSTEMS, INC., | ) | |
| | ) | **JURY DEMANDED** |
| Defendant. | ) | |

Now comes the Plaintiff, DONALD JESSIE, JR., by and through his attorneys, and for his Complaint against the Defendant, TRANSWORLD SYSTEMS, INC., Plaintiff alleges and states as follows:

**PRELIMINARY STATEMENT**

1.  This is an action for damages for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*.

**JURISDICTION AND VENUE**

2.  This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337 and 1367, and 15 U.S.C. § 1692k(d). This jurisdiction includes supplemental jurisdiction with respect to pendent state law claims.

3.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to this claim occurred in this District.

**PARTIES**

4.  Plaintiff is an individual who was at all relevant times residing in Farmer City, Illinois.

5. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3), as he is a natural person allegedly obligated to pay a debt.

6. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff.

7. The aforementioned alleged debt is a "debt" within the meaning of 15 U.S.C. § 1692a(5), in that it is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance and/or services which are the subject of the transaction were primarily for personal, family and/or household purposes.

8. On information and belief, Defendant is a corporation of the Defendant is a corporation of the State of California, which is licensed to business in Illinois, and which has its principal place of business in Chesterfield, Missouri.

**FACTS COMMON TO ALL COUNTS**

9. On or about January 22, 2015, at approximately 8:00 p.m., Defendant placed a telephone call to Plaintiff in an attempt to collect the aforementioned alleged debt.

10. During said communication, Plaintiff inquired with Defendant's employee, agent and/or representative as to the nature of the alleged debt. The employee, agent and/or representative of Defendant hung up on Plaintiff without providing an answer.

11. Immediately thereafter, Plaintiff placed a telephone call to Defendant to inquire as to the nature of the alleged debt, to inform Defendant of his legal representation and to provide his attorneys' contact information.

12. During said communication, an employee, agent and/or representative of Defendant hung up on Plaintiff. Plaintiff attempted to call Defendant back approximately three

more times and each time, the employee, agent and/or representative of Defendant hung up on Plaintiff.

13. Plaintiff then placed another telephone call to Defendant. Plaintiff was transferred to an employee, agent and/or representative of Defendant who identified himself as "Chris."

14. During said communication, Plaintiff informed Chris that he was represented by a law firm and provided his attorneys' name and contact information. Chris stated to Plaintiff that Defendant was also a law firm and that Plaintiff was still responsible to pay the alleged debt.

15. During one of the above communications, an employee, agent and/or representative of Defendant threatened to garnish Plaintiff's wages if he did not pay the alleged debt.

16. Plaintiff has been diagnosed with an anxiety disorder and he takes medication on a daily basis to control the symptoms of his disorder.

17. As a direct result of Defendant's actions, Plaintiff was forced to take an extra dose of his anxiety medication due to the onset of an anxiety attack.

18. In its attempts to collect the alleged debt as outlined above, Defendant damaged Plaintiff and violated the FDCPA.

19. As a result of Defendant's actions as outlined above, Plaintiff has suffered and continues to suffer stress, aggravation, emotional distress and mental anguish.

**COUNT I**

20. Plaintiff incorporates all of the allegations and statements made above as if reiterated herein.

21. Defendant violated 15 U.S.C. § 1692c(a)(2) by communicating with Plaintiff after Defendant had been advised that Plaintiff was represented by an attorney with respect to the alleged debt.

WHEREFORE, Plaintiff prays for the following relief:

a. Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

b. Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

c. Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

d. Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT II

22. Plaintiff incorporates all of the allegations and statements made above as if reiterated herein.

23. Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which was to harass, oppress and/or abuse Plaintiff in connection with the collection of the alleged debt.

WHEREFORE, Plaintiff prays for the following relief:

a. Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

      b.      Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

      c.      Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

      d.      Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT III

24.    Plaintiff incorporates all of the allegations and statements made above as if reiterated herein.

25.    Defendant violated 15 U.S.C. § 1692e by using a false, deceptive and/or misleading representation or means in connection with the collection of the alleged debt.

WHEREFORE, Plaintiff prays for the following relief:

      a.      Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

      b.      Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

      c.      Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

      d.      Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT IV

26.    Plaintiff incorporates all of the allegations and statements made above as if reiterated herein.

27. Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount and/or legal status of the alleged debt.

WHEREFORE, Plaintiff prays for the following relief:

a. Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

b. Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

c. Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

d. Any other legal and/or equitable relief as the Court deems appropriate.

### COUNT V

28. Plaintiff incorporates all of the allegations and statements made above as if reiterated herein.

29. Defendant violated 15 U.S.C. § 1692e(3) by falsely representing or implying that Defendant's representative was an attorney or was communicating on behalf of an attorney.

WHEREFORE, Plaintiff prays for the following relief:

a. Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

    b.    Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

    c.    Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

    d.    Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT VI

30.    Plaintiff incorporates all of the allegations and statements made above as if reiterated herein.

31.    Defendant violated 15 U.S.C. § 1692e(4) by representing or implying that nonpayment of the alleged debt would result in the garnishment of Plaintiff's wages where such action was unlawful and/or Defendant not intend to take such action.

    WHEREFORE, Plaintiff prays for the following relief:

    a.    Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

    b.    Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

    c.    Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

    d.    Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT VII

32. Plaintiff incorporates all of the allegations and statements made above as if reiterated herein.

33. Defendant violated 15 U.S.C. § 1692e(5) by threatening to take action that could not legally be taken and/or that was not intended to be taken.

WHEREFORE, Plaintiff prays for the following relief:

    a. Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

    b. Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

    c. Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

    d. Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT VIII

34. Plaintiff incorporates all of the allegations and statements made above as if reiterated herein.

35. Defendant violated 15 U.S.C. § 1692e(10) by using a false, deceptive or misleading representation or means in connection with the collection of the alleged debt and/or to obtain information about Plaintiff.

WHEREFORE, Plaintiff prays for the following relief:

    a.    Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

    b.    Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

    c.    Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

    d.    Any other legal and/or equitable relief as the Court deems appropriate.

### COUNT IX

36.    Plaintiff incorporates all of the allegations and statements made above as if reiterated herein.

37.    Defendant violated 15 U.S.C. § 1692f by using an unfair or unconscionable means to attempt to collect the alleged debt.

WHEREFORE, Plaintiff prays for the following relief:

    a.    Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

    b.    Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

    c.    Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

      d.      Any other legal and/or equitable relief as the Court deems appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of his FDCPA claims in this action.

          RESPECTFULLY SUBMITTED,

          DONALD JESSIE, JR.

          By:    /s/ David B. Levin
                    Attorney for Plaintiff

David B. Levin
Illinois Attorney No. 6212141
Upright Litigation LLC
79 W. Monroe Street, 5th Floor
Chicago, IL 60603
Phone: (312) 878-1867
Fax: (866) 359-7478
dlevin@uprightlaw.com